**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHIRLEY A. DABNEY,

    Plaintiff,

vs.                                           Case No. 3:04-cv-526-J-HTS

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #28; Petition), filed on January 20, 2006. It is represented Defendant has no objection to the amount sought in the Petition. *Id.* at 2.

A total of 24.65 hours[1] were expended in the representation of Plaintiff before the Court. *See id*; *see also* Schedule of Hours of Sarah H. Bohr, attached to the Petition; Time Sheet of Tracy Tyson Miller, attached to the Petition. Plaintiff seeks a total payment of $3,923.73 in fees. Petition at 2. This is based on an hourly rate of $155.35 for 2.45 hours expended in 2004, and $159.60 per hour for the 22.2 hours of work performed in 2005. *Id.*

---

[1] There is a one-hour difference in the time reported by Sarah H. Bohr, Esquire, in the Petition and in her schedule of hours, attached thereto. For purposes of determining the proper amount of fees herein, the Court will use the hours for which payment is requested in the Petition and to which the Commissioner consented.

Having reviewed the Petition and case file herein, the Court finds Plaintiff satisfies the statutory requirements for an award of fees. *See* 28 U.S.C. § 2412(d). However, the Court concludes the correct maximum hourly rate is $150.49 for 2004 and $155.59 for 2005.[2] Thus, Plaintiff may reasonably be awarded $3,822.80 in attorney fees.[3]

Accordingly, the Petition (Doc. #28) is **GRANTED** to the extent the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney fees in the amount of $3,822.80.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
   and *pro se* parties, if any

---

[2] To determine the correct hourly rate, adjusted for inflation, the Court used http://data.bls.gov/cgi-bin/cpicalc.pl (last visited January 24, 2006).

[3] The fees sought by Plaintiff are slightly more than the amount allowed under the Equal Access to Justice Act, 28 U.S.C. § 2412, accounting for adjustments due to the increase in the cost of living. *See* § 2412(d)(2)(A).
While the Court does not intend to undermine the parties' agreement, it is unable to award the sum requested, based on the number of hours listed in the Petition, as it exceeds the total allowed by 28 U.S.C. § 2412. In this case, having determined the applicable hourly rates based on the years in which the services were performed, the Court awards the lodestar amount, which is the product of the hourly rates multiplied by the number of hours expended in representing Plaintiff.