**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHIRLEY A. DABNEY,

    Plaintiff,

vs.   CASE NO. 3:04-cv-526-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____

**O R D E R**

This cause is before the Court on Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. Sec. 406(b) (Doc. #31; Motion). It is represented Defendant "does not object to the granting of this Motion." Motion at 3.

The Motion requests the Court to award $14,400.50 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). *Id.* at 1, 3. The $3,822.80 in fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #29) at 2, would then be refunded to Ms. Dabney. *See* Motion at 1 n.1, 3; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting

---

    [1]    Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).  A contingency fee agreement signed by Plaintiff in 2004 states: "I would like Tracy Tyson Miller to continue to appeal my case to the District Court level and I agree that the fee Tracy Tyson Miller will charge me will be 25% of total back benefits[.]"  Statement of Understanding, attached to the Motion as Exhibit A, at 5.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded.  Thus, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  The attorney "must show that the fee sought is reasonable for the services rendered." *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time spent

on the case, the quality of representation, and "the risk that the claimant would not prevail." *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable. Here, Plaintiff and her counsel agreed to attorney's fees not to exceed 25% of past-due benefits.[2] Counsel spent a total of 24.65 hours representing Plaintiff before the Court. *See* Order (Doc. #29) at 1. In light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (allowing $498.58 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (allowing $643 per hour). Further, a review of the record makes clear that counsel's representation was not substandard, and recovery was not guaranteed. Thus, the Court finds the fee sought is reasonable.

---

[2] The Social Security Administration withheld 25% of Plaintiff's past-due benefits, in this case, $19,700.50. *See* Motion at 2; Notice of Award, attached to the Motion as Exhibit C (Notice of Award), at [externally numbered] 17. Based on the amount retained, the total past-due benefits awarded Plaintiff were $78,802.00. *See also* Notice of Award at [externally numbered] 16. The total fee of $19,700.50, including $5,300.00 awarded for representation before the agency, *see* Authorization to Charge and Collect a Fee, attached to the Motion as Exhibit D, at 20-21, equals 25% of these benefits. *But cf.* Motion at 3 n.8 ("The net fees Plaintiff's counsel would receive . . . represents 19.9% of the Plaintiff's past due benefits.").

Hence, the Motion (Doc. #31) is **GRANTED** and counsel for Plaintiff may receive $14,400.50 in attorney's fees.  The $3,822.80 awarded under EAJA, *see* Order (Doc. #29), is to be refunded to Plaintiff.  The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any